## Muhlenberg *versus* Druckenmiller.

1. Where a plaintiff in ejectment fails to show a good title in those through whom he claims a non-suit will be entered.

2. Where a recital in a deed under which a party claims is merely descriptive, and in no sense contractual, it does not operate as an estoppel, but may be rebutted by parol evidence. As to a third party not claiming under the deed, such a recital amounts to merely hearsay evidence, and as such is open to rebuttal by either direct or circumstantial evidence.

May 16th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas of *Lancaster county* : Of January Term 1883, No. 166.

Ejectment, by Benjamin S. Muhlenberg et al., surviving executors of the will of Dr. F. A. Muhlenberg, deceased, against Catharine Druckenmiller and Jacob Druckenmiller, her husband, to recover possession of a piece of ground in the city of Lancaster.

On the trial, before PATTERSON, J., the plaintiff put in evidence the record of a deed, dated March 28th 1821, recorded

same day, from Joseph Cloud and George Hambright, trustees of Samuel C. Offner, to Frederick A. Muhlenberg (plaintiffs' testator), for a piece of land, including the lot in controversy. Also a deed dated April 12th 1837, recorded June 29th 1840, from Frederick A. Muhlenberg and wife to Jacob Griel, for the same piece of land, with the exception mentioned in the following clause of said deed, to wit:

"It being the same piece or parcel of ground (excepting so much thereof as was taken up and used by the Columbia, Lancaster and Philadelphia railroad) *and Lancaster and New Holland Turnpike, as purchased by the city of Lancaster*, which Joseph Cloud, Jr., and George Hambright, trustees of Samuel C. Offner, by indenture, under their hands and seals, bearing date, the twenty-eighth day of March A. D. 1821, for the consideration therein mentioned, did grant and confirm unto the said F. A. Muhlenberg (first party hereto) his heirs and assigns forever."

The words above printed in italics were interlined in said deed, and the interlineation duly noted in the attestation clause.

The land which was the subject of the exception in the above extract from the deed was the property for which this suit was brought.

The plaintiff called the mayor of the city of Lancaster, who testified that he had been unable to find, among the city archives, any deed or evidence of title from F. A. Muhlenberg to the city of Lancaster for the premises in dispute, referred to in above extract as " purchased by the city of Lancaster," and that he did not know of any evidence of title in said city.

It appeared that from 1834 to about 1877 the premises in dispute were included within the lines of said Lancaster and New Holland Turnpike Road, and that about 1877, that part of the turnpike road covering said premises was vacated, whereupon the defendants, being owners of land adjoining the premises in dispute, took possession thereof.

The plaintiffs claimed, that, as the Turnpike Company had simply an easement of right of way, and as Dr. Muhlenberg, in his said deed to Griel, had expressly excepted from said conveyance the premises so subject to said easement, he never parted with the fee, and upon the vacation and abandonment of the turnpike road, the title and right of possession to the premises in question reverted to his estate.

At the close of the plaintiff's case, the court, on motion of defendant, entered a non-suit, which the court in banc subsequently refused to take off; whereupon the plaintiffs took this writ of error, assigning for error the refusal of the court to take off the non-suit.

[Muhlenberg v. Druckenmiller.]

*J. Hay Brown* (with him *D. P. Rosenmiller*), for the plaintiffs in error.—If the testimony showed, as we contend that it did, that Dr. Muhlenberg had never conveyed his interest in this tract to the city of Lancaster, and if all that was ever acquired from him was a public easement, and he expressly reserved the fee in his deed to Griel, under whom the defendant in error claims title, on the relinquishment of this easement Muhlenberg's estate acquired again dominion over the land which had been temporarily taken away, and it was manifest error in the court to take the case from the jury. There was no evidence that the city of Lancaster had ever acquired title to this tract. It is true that Muhlenberg, in his deed to Griel, mentions the tract in controversy as having been " purchased by the city of Lancaster," but that was no evidence of either the execution or delivery of the deed to the city. On the other hand, the city not only did not claim title to the tract, but the testimony of the municipal officers shows that no title had ever been acquired by the city. The court, therefore, should not have entered judgment of non-suit for the reason that the evidence showed title in the city of Lancaster; and, if the judgment was entered for that reason, it was error, because it should have been left to the jury to determine whether there had been a delivery of a deed to the city, which was essential to its validity : Critchfield *v.* Critchfield, 12 Harris 100 ; Jessup *v.* Loucks, 5 P. F. S. 350.

*P. D. Baker* ( *Wm. R. Wilson* with him), for the defendants in error.—Inasmuch as plaintiffs claim through Dr. F. A. Muhlenberg, deceased, they are bound by the recitals in the deed given in evidence by plaintiffs from him and wife to Jacob Griel : 2 Wharton's Law of Evidence, § 1030 ; Olwine *v.* Holman, 11 Harris 279. The exceptions in a deed are to be construed most strongly against grantor. The plaintiff's evidence would not support a verdict in their favor, and the non-suit was rightly entered.

Mr. Justice GORDON delivered the opinion of the court, October 1st 1883.

From all that appears by the record before us, we cannot say that the court below erred in non-suiting the plaintiffs. As has been often ruled, the plaintiff in an action of ejectment must stand on the strength of his own title, and not on the weakness of that of his adversary. But the plaintiffs in this case showed no title; they started with the deed of Offner's trustees to their testator, but failed to exhibit title in Offner. It is needless to say that under such a showing, without more,

the possession of the defendant could not be disturbed, and the court was clearly right in directing a non-suit.

The case has been argued as though the point, and the only one on which the case turned in the court below, was the effect of the recital in the deed of Muhlenberg and wife to Griel, by way of estoppel. This recital recognizes title to the land in controversy in the city of Lancaster, and if it be true that the title was in fact in that city, the plaintiffs' right is at an end, and whoever else may, they cannot call in question the possession of the defendant. But as an estoppel the recital amounted to nothing. Even as between the parties it was general and non-contractual; merely descriptive of the reservation, and was therefore open to oral rebuttal : Wh. Ev. § 1040. Much more, as to a third party not claiming under Muhlenberg, does it lack the character of an estoppel. In such case the recital amounts to merely hearsay evidence (Id. § 1041), and as such is open to rebuttal by either direct or circumstantial proof.

Had, then, title been shown in Dr. Offner, we think there was enough in the case to rebut the prima facie evidence of title in the city of Lancaster raised by the recital in the deed to Griel, and that in that event the case should have been submitted to the jury. But as the condition on which a submission as above premised is wanting, the court did well to non-suit the plaintiffs.

Judgment affirmed.