## Isaac B. Felts, Appellant, *v.* Delaware, Lackawanna & Western Railroad.

*Railroads—Change of venue—Statutes—Repeal—Acts of April* 14, 1834, *and March* 30, 1875.

The act of April 14, 1834, P. L. 395, relating to change of venue in cases brought by and against canal and railroad companies is repealed by the act of March 30, 1875, P. L. 35, "relating to and authorizing change of venue in civil cases."

*Practice, C. P.—Nonsuit—Refusal of plaintiff to appear at trial—Verdict.*

Where a plaintiff files a written declination to appear and proceed to trial, the court has no authority to call a jury and take a verdict against him in his absence. The proper practice is to enter a nonsuit.

Argued Feb. 27, 1895. Appeal, No. 53, Jan. T., 1895, by plaintiff, from order of C. P. Lackawanna Co., June T., 1889, No. 437, refusing to direct manner of removing case to another county, and entering judgment on verdict. Before STEB-RETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Reversed.

Ejectment for coal in Lackawanna townuship.   Before SAV-
AGE, P. J., specially presiding.

On September 15, 1894, plaintiff filed of record the following
paper:

"1. I hereby elect to remove the above mentioned cause to
the court of common pleas of Pike county, under the provisions
of the act of 14th April, 1834, P. L. 395, that being the nearest
adjacent county through which the railroad of The Delaware,
Lackawanna and Western Railroad Company, the defendant
above named, is not located.

"2. The said removal is not made for the purpose of delay,
but because I firmly believe a fair and impartial trial of the
above. mentioned cause cannot be had in the said county of
Lackawanna, through which the said railroad passes."

Plaintiff filed of record the following paper:

"Now, September 17th, 1894, having removed this cause to
the court of common pleas of Pike county under the provisions
of the act of assembly of April 14, 1834, P. L. 395, by filing
the affidavit and præcipe required by said act, I am advised
that I cannot consistently appear and proceed to trial in this
county, and therefore I respectfully decline so to do."

Plaintiff moved the court as follows:

"Now, September 17, 1894, upon calling the trial list for
September term, 1894, in the said court of common pleas of
Lackawanna county, the plaintiff calls the attention of the
court to the fact that he has filed the proper affidavit and
præcipe to remove this cause to the court of common pleas of
Pike county, under the provisions of the act of April 14, 1834,
P. L. 395, and that the court therefore has not jurisdiction to
proceed to the trial of the cause in this court; and he there-
fore moves that the cause be stricken from the trial list in this
court."

Motion refused. [2]

Plaintiff moved the court as follows:

"Now, September 18, 1894, the plaintiff, Isaac B. Felts, hav-
ing heretofore, to wit, on September 15, 1894, filed in the pro-
thonotary's office his affidavit and præcipe for the removal of
the above-mentioned cause to the court of common pleas of
Pike county, under the provisions of the act of assembly of
14th April, 1834, P. L. 395, that being the nearest adjacent

county through which the railroad of the defendant company is not located, prays the court to direct the method and manner of such removal."

The motion was refused and at plaintiff's request exception was allowed and bill sealed. [1]

On September 19, 1894, the court called a jury and in plaintiff's absence directed a verdict for defendant. Judgment was subsequently entered upon the verdict. Plaintiff appealed.

*Errors assigned* were (1, 2) orders as above, and (3) calling jury and taking verdict in plaintiff's absence.

*A. Ricketts,* for appellant.—The affidavit under the act of April 14, 1834, may be filed at any time before the jury is sworn; and when it is so filed, it is error in the court to proceed further with the cause, and any further proceedings are coram non judice : R. R. v. Cummins, 8 W. 450 ; Hughes v. R. R., 30 Pa. 517.

The act of 1834, P. L. 395, is entitled " An act relative to suits brought by and against canal and railroad companies." It has only one section. It has but the one special subject, to wit, the removal of the suits mentioned in its title. The seventh section of the act approved March 30, 1875, P. L. 35, 37, does not repeal the act of 1834: Bounty Accounts, 70 Pa. 92; Rounds v. Waymart Borough, 81 Pa. 395; Kilgore v. Com., 94 Pa. 495; Seifried v. Com., 101 Pa. 200 ; Malloy v. Reinhard, 115 Pa. 25 ; Bell v. Allegheny Co., 149 Pa. 381 ; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231; Phœnixville Road, 109 Pa. 44 ; Sewickley Borough v. Sholes, 118 Pa. 165.

If there be meaning in the words of our constitution defendant cannot claim any benefit from the act of March 30, 1875, it being legislation subsequent to the adoption of the said constitution. So that, even if the constitution-obeying citizen could claim this act as a repeal for him of the said act of 1834, this defendant company cannot, because the said provision of the constitution in plain, unmistakable words, expressly debars them.

The court erred in taking a verdict: 1 Sellon's Practice, 463; 1 Troubat & Haly's Practice, 578; act of March 28, 1814,

sec. 2; Purd. Dig. 1364, par. 63; M'Lugham v. Bovard, 4 W. 308; Haviland v. Fidelity Ins. Trust & Safe Deposit Co., 108 Pa. 236.

*W. H. Jessup* and *James H. Torrey*, *Horace E. Hand*, *W. H. Jessup, Jr.,* and *M. I. Corbett* with them, for appellee.—The act of 1834 only applied while it was in force to cases where a canal or railroad company were sole plaintiffs or sole defendants: Rand v. Walker, 117 U. S. 340; Fidelity Ins. Co. v. Huntington, 117 U. S. 280.

The act of 1834 was modified, if not repealed by the act of April 28, 1870; Wattson v. Chester & Del. R. R., 83 Pa. 254.

The constitution has vested all power relative to the change of venue in the courts: Art. 3, sec 23, Purd. Dig. 35, pl. 70; art. 3, sec. 7, Purd. Dig. 32, pl. 52.

The object and intention of the act of 1875 was to carry out the mandate of the constitution and provide a uniform system under which the venue in every civil cause might be changed. While we admit the principle that a general affirmative statute without negative words does not necessarily repeal a particular and local statute, yet where the general intention of the legislature is to form a new and general system of law transferring the right from the legislative to the judicial branch of the government under a constitutional mandate, the courts should give effect to such evident intention: Endlich on Interpretation of Statutes, sec. 231, p. 310; In re Cuckfield Board, 19 Beav. 153; Bramston v. Mayor of Colchester, 6 Ellis & Blackburn, 246; Williams v. Pritchard, 4 T. R. 2; Lyn v. Wyn, Brideman, 122; Nusser v. Com., 25 Pa. 126; Johnston's Est., 33 Pa. 511; Westfield Borough v. Tioga Co., 150 Pa. 152; U. S. v. Tyner, 11 Wall. 92; Henderson's Tobacco, 11 Wall. 657; Quinn v. Cumberland, 162 Pa. 55; Com. ex rel. Braughler v. Weir, 165 Pa. 284; Philadelphia v. Ry., 143 Pa. 444.

The general consensus of the profession has recognized the fact that the acts of 1834 and 1870 were repealed by the act of 1875: 3 Am. & Eng. Ency of Law, 90.

There was no error in taking a verdict: Irving v. Taggart, 1 S. & R. 359; Lance v. Pettibone, 8 Luz. Leg. Rep. 73.

OPINION BY MR. JUSTICE McCOLLUM, October 7, 1895:

The questions raised by this appeal are whether the learned

court below erred in refusing to direct the removal of the case under the act of April 14, 1834, P. L. 395, to the court of common pleas of Pike county, and in calling a jury and taking a verdict against the plaintiff in his absence and after he had filed his written declination to appear and proceed to trial in Lackawanna county. In answering the first question we are required to consider and determine whether the act of 1834 was supplied or repealed by the act of March 30, 1875, "relating to and authorizing changes of venue in civil cases." The later act was obviously passed for the purpose of giving effect to the constitutional provisions relative to the change of venue in civil cases, and it expressly repealed all prior legislation on the subject. In Wattson et al. v. The Chester and Delaware Railroad Co., 83 Pa. 254, an effort was made to set aside the removal of a case under the act of 1834 and the act of April 28, 1870, P. L. 1292, on the ground that the constitution was adopted and in force before the removal, and that the provisions in it relative to the change of venue in civil cases supplied and repealed these acts. The effort failed because in the opinion of this court the constitution did not operate, eo instante, as a repeal of them, but there was no claim or suggestion by any one that legislation in conformity with its provisions on the subject would not have done so. We have a fair illustration of the professional thought respecting the effect of the act of 1875 upon prior legislation in regard to change of venue in the effort heretofore made in this case to remove it for trial to another county: Felts v. Railroad Co., 160 Pa. 503. The act of 1834 was not called in its title an act relative to a change of venue in civil cases, nor an act for the removal of cases brought by and against canal and railroad companies. It was, however, in effect an act relative to a change of venue in civil cases brought by and against such companies, and may be justly regarded as fairly within the repealing clause of the act of 1875. It is contended by the learned counsel for the railroad company that the case at bar is not within the purview of the act of 1834 because other parties are made codefendants with it. But in the view we have taken of the effect of the act of 1875 upon the act of 1834 it is not necessary to consider this contention.

The general rule is that the plaintiff may suffer a nonsuit before or at any stage of the trial, and we are not prepared to

say that this case is within any exception to it.  " No formality is required as to the manner in which a plaintiff may take a nonsuit.  He may absent himself from court when his presence is required and thus accomplish his purpose:" Am. & Eng. Ency. of Law, vol. 16, page 729.  This is precisely what was done in the case now before us.  Having absented himself from court when his presence was required there for the purposes of the impending trial, he may be considered as having elected to suffer a nonsuit.  But we fail to discover anything in the record which justified the learned court below in calling a jury and taking a verdict against him under the circumstances appearing in the case.  For this reason we are constrained to reverse the judgment.  If the plaintiff is desirous of trying the case in the court in which he brought it, he is at liberty to do so on withdrawing his declination at or before the time it is called for trial; otherwise a nonsuit may be entered in accordance with the practice in such cases.

The first and second specifications of error are overruled and the third specification is sustained.

Judgment reversed and venire facias de novo awarded.