Henry Crumley, John H. Crumley, Margaret Myers, Amanda Donahue, Sarah A. Edeline, Charles Crumley, Elizabeth Morgan, Mary Cave, Henry Crumley, Jr., Francis Crumley, Sylvester Crumley, Margaret Brinkworth, Amanda Farrall, John Crumley, and Thomas Poulton, Appellants, *v.* John Lutz and George S. Lutz.

*Practice, C. P.—Trial—Nonsuit—Verdict.*

According to the rule of the common law no verdict can be given unless the plaintiff by himself, attorney or counsel appears in court. In the event of his nonappearance he is nonsuited. This rule is in full force in Pennsylvania, except so far as it may have been qualified by statute.

There is no warrant in the Act of March 28, 1814, 6 Sm. L. 208, or in any of the statutes of Pennsylvania relating to nonsuits, for calling a jury

and taking a verdict in the absence of the plaintiff and his counsel. The settled practice is, where the plaintiff does not appear in person or by attorney when his case is called for trial, to enter a nonsuit.

Where a case has gone to trial in the absence of plaintiff or his counsel, and a verdict has been rendered for the defendant, a motion in arrest of judgment and to set aside the verdict should be sustained.

Argued Jan. 15, 1897. Appeal, No. 377, Jan. T., 1896, by the plaintiffs, from judgment of C. P. No. 4, Phila. Co., Dec. Term, 1893, No. 802, on verdict for defendants. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Reversed.

Ejectment for a tract of land on Moyamensing road and Penrose Ferry road in the city of Philadelphia. Before Arnold, J.

At the trial a verdict was taken for the defendants in the absence of the plaintiffs and their counsel. Subsequently plaintiffs moved in arrest of judgment, filing the following reasons :

1. Because the jury was called, and a verdict for the defendants taken by the court in the absence of the plaintiffs, their witnesses and counsel, and without testimony of any kind having been produced by the plaintiffs before the court and jury.

2. Because the learned judge who tried the cause erred in directing the empanelling of a jury and accepting a verdict for the defendants from them, in the absence of testimony of any kind being produced by plaintiffs, instead of directing a nonsuit.

The court overruled the motion in arrest of judgment, and entered judgment on the verdict.

*Error assigned* was in overruling motion in arrest of judgment.

*John M. Arundel*, for appellants.—When the cause is called for trial, if the plaintiff, his attorney and witnesses are all present, but the plaintiff and his attorney remain mute, and fail to respond to the call for trial, no judgment other than a nonsuit, with its consequent penalty for defendant's costs, can be imposed upon the plaintiff.

Both by our own statutes, and at common law, the course of action for a trial judge to pursue when a plaintiff fails or refuses to answer when his case is called for trial is made so plain

that the action of the learned court below in this case is without the slightest color of right, and is wholly unprecedented, so far as any reported case in this state or in England discloses: Act of February 21, 1767, sec. 1, 1 Sm. L. 271; Act of March 30, 1812, sec. 1, 5 Sm. L. 361; Act of April 14, 1846, sec. 2, P. L. 329; 1 Troubat & Haly, sec. 713; McCredy v. Fey, 7 Watts, 496; 3 Black. Com. 376; Haviland v. Fidelity Ins. & T. Co., 108 Pa. 236; Easton Bank v. Coryell, 9 W. & S. 153; Evans v. Clover, 1 Grant, 164.

*Horace Haverstick,* with him *Frederick J. Knaus,* for appellees.—That the trial took place in the absence of plaintiffs and their counsel might have been a good reason to have asked the court below to have granted a new trial, but they did not see fit to do so.   It is certainly not a good reason for a motion in arrest of judgment.

The appellants are erroneous in saying that if plaintiff and his counsel are not in court when the case is called for trial the only course to pursue is for the court to enter a nonsuit: 3 Black. Com., 356.

The appellants argue that if the plaintiff does not appear and open his side of the case, "there is no issue to try." They overlook the fact that the "issue" which the jury is sworn to try, is the "issue" raised by the pleadings, and that that "issue" appears on the record whether the plaintiff is in court or not.

OPINION BY MR. JUSTICE McCOLLUM, March 29, 1897:

This is an action of ejectment brought to recover possession of a tract of land in the 26th ward of the city of Philadelphia. The court below, in the absence of the plaintiffs, their witnesses and counsel, called a jury, allowed the defendants to present their evidence and directed a verdict in their favor.   From the judgment entered on the verdict this appeal was taken.   In Felts v. D., L. & W. R. R. Co., 170 Pa. 432, the court called a jury in the plaintiff's absence and directed a verdict for the defendant.   On appeal it was determined that the proceeding was unwarranted, and the judgment founded upon it was accordingly reversed.   There is no room for distinguishing that case from this.   According to the rule of the common law no verdict could be given unless the plaintiff by himself, attorney or

counsel appeared in court. In the event of his nonappearance he was nonsuited: 3 Bl. Com., 376. This rule is in full force in Pennsylvania, except so far as it may have been qualified by statute: McCredy v. Fey, 7 Watts, 496. The legislation on this subject will be found in the Act of February 21, 1767, sec. 1, 1 Sm. L. 271, the Act of March 30, 1812, 5 Sm. L. 361, the Act of March 28, 1814, 6 Sm. L. 208, and the Act of April 14, 1846, P. L. 329. The last mentioned act is limited in its application to the " city and county of Philadelphia." The only restriction upon the plaintiff's right of nonsuit appears in the act of 1814, which provides that " whenever on the trial of any cause, the jury shall be ready to give in their verdict the plaintiff shall not be called, nor shall he then be permitted to suffer a nonsuit." This restriction is construed to mean that the plaintiff cannot suffer a nonsuit where the jury in reply to the formal inquiry of the prothonotary have officially announced their readiness to give their verdict: McLughan v. Bovard, 4 Watts, 308, and Easton Bank v. Coryell, 9 W. & S. 153. There is no warrant in the act of 1814, or in any of our statutes relating to nonsuits, for calling a jury and taking a verdict in the absence of the plaintiff and his counsel. The settled practice is, where the plaintiff does not appear in person or by attorney when his case is called for trial, to enter a nonsuit. This practice is in conformity with our statutes and the decisions of this court, and the right of nonsuit is favored and protected by them. It is a right which is as valuable to the plaintiff in an action of ejectment as to the plaintiff in any other action. It requires two verdicts and judgments thereon for or against his claim to finally establish or defeat it. He is not barred from bringing a new action of ejectment until after two decisions had against him upon a full view and consideration of the whole case: Mercer v. Watson, 1 Watts, 344, and Treaster v. Fleisher, 7 W. & S. 137. The decision under consideration is not of this character.

The rule applicable to the case before us is stated in 16 Am. & Eng. Ency. of Law, 733, as follows: " If a plaintiff fails to appear either in person or by attorney when his case is called for trial, he will be considered as electing to become nonsuit and a judgment of nonsuit will be entered against him." The court below should have conformed to this rule which, as we

have seen, is clearly in accord with the statutes of the common-wealth and the decisions of this court. Not having done so it should have sustained the motion in arrest of judgment and set aside the verdict. The facts recited in the first part of this opinion sufficiently appear in the record as approved by the trial judge, and were admitted on the argument at bar.

Judgment reversed and venire facias de novo awarded.