## Levchik et ux., Appellants, v. Shaffer.

Argued September 28, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*John A. Berkey,* for appellants.

*Archibald M. Matthews,* for appellee.

PER CURIAM, November 12, 1937:

Appellants unsuccessfully sought to recover damages for the death of their five-year-old child, who was killed alighting from appellee's truck. The jury decided against their claim and the court below upheld the verdict. The testimony was conflicting as to whether or not the driver knew of the presence of the child on the truck, and this question, together with the broad question of negligence, was left to the jury.

Appellants submitted a point for charge which in substance was that, if the operator of the truck knew of the presence of the deceased child, the fact that the latter fell under the wheels convicts the appellee of negligence. This point was properly refused. Its affirmance would have made defendant an insurer of the child's safety. An infant trespasser is none the less a trespasser although he is of tender years: *Perrin v. Glassport Lumber Co.,* 276 Pa. 8, 11; *Hojecki v. Phila. & Reading Ry. Co.,* 283 Pa. 444. Even if the servant in charge of the vehicle knows of the presence of such a trespasser he is only required to make proper efforts for its protection; the master is not a guarantor of the safety of the child. See *Perrin v. Glassport Lumber Co.,* supra; *Hughes v. Murdoch S. & T. Co.,* 269 Pa. 222. Liability cannot be predicated on the mere happening of the fatal accident. The trial court was not in error in refusing the point and the jury were fully instructed as to the

master's duty. The difficulty with appellants' case is that the jury did not credit their testimony.

Some question is here advanced as to the trial judge's instructions on the measure of damages for the death of an infant child, although the point was not raised in the court below and no specific exception was requested. Reading the charge as a whole, it correctly set forth the measure of damages to be employed in such cases, and the trial judge explained the difficulties attendant upon its determination. See *Kost v. Ashland Borough,* 236 Pa. 164, 169; *Ginocchi v. Pittsburgh & Lake Erie R. R. Co.,* 283 Pa. 378, 380. Appellants cannot, by severing from the context portions of the charge, suggest error which is not present in the charge as a whole.

The entire testimony raised a clear issue of fact on the question of negligence. The credibility of the witnesses was for the jury. The record discloses no grounds which would require this court to set the verdict aside and stamp the testimony of appellee's witness as false.

Judgment affirmed.