## Avellino *v.* Raup Lumber Company, Inc., Appellant.

Argued December 4, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Raymond Bialkowski,* with him *Hiram J. Bloom,* of *Bloom & Bloom,* for appellant.

*John L. Pipa, Jr.,* for appellees.

OPINION BY MR. JUSTICE MAXEY,* January 4, 1943:

This is an appeal from the refusal of the court below to take off a voluntary non-suit and to enter a verdict in favor of the defendant. An action in trespass was tried before President Judge NELSON of the Orphans' Court of Cambria County, specially presiding in the Common Pleas Court of Northumberland County. At a late stage in the trial, counsel for defendant moved in open court for a directed verdict. The motion was then argued in chambers. At its conclusion, the trial judge announced in chambers to both counsel his intention to grant the motion. In the court room before the motion for binding instructions was formally granted counsel for plaintiffs asked that he be permitted to take a voluntary non-suit. This leave was granted. Defendant excepted to this and moved the court to take off the voluntary non-suit and to enter a directed verdict in favor of the defendant.

In denying defendant's motion the court said: "When the Trial Judge, at the close of the argument, left the Chambers for the Court Room, it was with the intention of acting favorably on the motion for binding instructions, with the knowledge of Counsel on both sides. Before the written motion for binding instructions was granted or affirmed, Counsel for Plaintiffs asked that he be permitted to take, on behalf of his clients, a voluntary nonsuit. The motion for voluntary nonsuit is granted, an exception noted and a bill sealed for the Defendant." The trial judge took the view that because instructions for the defendant had not been given either in form or in substance the case of *Cherniak v. Prudential Ins. Co.*, 339 Pa. 73, 14 A. 2d 334, was not controlling. *There* what the trial judge said in the presence of the jury was adjudged to be "equivalent to the actual directing of a verdict and stripped the jury of its deliberative functions." In its opinion the court below said: "We therefore conclude that plaintiffs' motion for voluntary nonsuit was timely and properly allowed under

---

* Mr. Justice MAXEY became Chief Justice on January 4, 1943, after this opinion was filed.

our settled rule that such action may be taken at any time prior to the time when the jury is ready to return its verdict. See *Axelrod v. Howell*, 328 Pa. 298. The fact that plaintiffs' counsel was afforded an opportunity, by the colloquy to anticipate the action of the trial judge and salvage a case which must, to him, have seemed lost, is unfortunate; but though the tactics employed approach the 'game of verbal "base running"' deprecated . . . in the *Cherniak* case, we have no alternative upon the record but to uphold the voluntary nonsuit so obtained."

We agree with the court below, but we condemn the practice here resorted to by plaintiffs' counsel in taking court room advantage of the trial judge's cameral disclosure of his intention. This was a breach by plaintiffs' counsel of judicial confidence which approaches closely to unethical conduct. After having been informed in chambers of the trial judge's favorable intention toward defendant's motion for a directed verdict, a due sense of professional propriety on the part of plaintiffs' counsel would have forbade him saying anything or doing anything until the trial judge had translated his intention into formal action.

A situation such as is here presented is, happily, rare in the judicial annals of this Commonwealth, but what happened in this case and what happened in the *Cherniak* case, supra, should be a sufficient warning to trial judges to reveal their official intentions *only* by their official acts.

If the trial judge in this case had done as the trial judge did in the *Cherniak* case, supra, that is, directed the jury to find a verdict in favor of the defendant even after plaintiffs' counsel had acted to plaintiffs' interest on the judge's disclosure in chambers of his intention, we would not disturb that direction, for we would hold the motion for a voluntary non-suit to be untimely. However, the trial judge did not so act and the trial ended nearly a year ago. Under these circumstances, we will let the order stand.

The order is affirmed.