## Hix, Admx., v. Womelsdorf Bank & Trust Company

*George B. Balmer* and *John H. Bridenbaugh*, for plaintiff.

*Charles W. Matten* and *Richard T. Williamson*, for defendant.

SHANAMAN, J., February 18, 1943.—Plaintiff sued defendant in assumpsit and the court sustained defendant's affidavit of defense in lieu of demurrer, and granted leave to file an amended statement within 30 days: 32 Berks 290. Plaintiff thereupon filed an amended statement of claim. Defendant again demurred, and the court, in an opinion filed January 15, 1941, again sustained the affidavit of defense in lieu of demurrer and again granted plaintiff leave to file an amended statement of claim within 30 days: 33 Berks

131. Plaintiff thereupon waited 20 months and on September 24, 1942, took out a rule on defendant to show cause why plaintiff should not be permitted to enter a voluntary nonsuit. Defendant answered and argument was had.

The suffering of a voluntary nonsuit by plaintiff at any time before adjudication upon the merits, but not later than verdict or binding instructions, is a matter within the absolute discretion of the plaintiff, whether before or at trial: McLughan v. Bovard, 4 Watts 308, 316; Haviland v. Fidelity Insurance Trust & Safe Deposit Co., Exec., 108 Pa. 236, 243; Felts v. Delaware, Lackawanna & Western Railroad, 170 Pa. 432, 436-437; Crumley et. al. v. Lutz et al., 180 Pa. 476, 479; James et al. v. Bream et al., 263 Pa. 305, 310; Axelrod et al. v. Howell, 328 Pa. 297; Cherniak, etc., v. Prudential Insurance Co. of America, 339 Pa. 73; Danforth v. Danforth, 40 Nev. 435, 166 Pac. 927, 928 (Nevada 1917), citing Poyser v. Minors, 7 Q. B. Div. 329.

"It is quite clear that a plaintiff may take a *nonsuit* on the trial whenever he thinks proper. At common law he might do so at any time before the verdict was actually recorded, and the only restriction of the right by our statute, is that which requires it to be exercised before the jury announce their readiness to deliver the verdict. But a *discontinuance* is not a nonsuit, though the difference in their legal effect is slight. A greater distinction exists in the mode of applying them, the one being subject to the discretion of the plaintiff, the other of the court. The plaintiff has a right to suffer a nonsuit before or at the trial, and to deny it to him would be error, but a discontinuance may be allowed or refused according to the discretion of the court, which is not assignable for error. We cannot doubt it was a discontinuance and not a nonsuit, the counsel asked in this case, and the court had a right to refuse it": Evans' Admr. v. Clover, 1 Grant (Pa.) 164, 169 (1854), Woodward, J.

The rule for leave is, however, in our opinion, not the proper proceeding. It is quite novel. Careful search has found no other instance. The suffering of a voluntary nonsuit is neither a matter for the exercise of the court's discretion nor one to be done under the court's guidance. Only one obstacle to the will of a plaintiff who would suffer a nonsuit can arise, namely, that the action is taken too late, in which case it may be subsequently stricken off at the request or petition of defendant. If a plaintiff would suffer a nonsuit, let the plaintiff do it. It is a thing to be done by plaintiff and not by the court. Even in the case of a discontinuance whose substantial effects are like those of a voluntary nonsuit, the established, though not the sole, practice in Pennsylvania is for plaintiff to discontinue ex parte upon the record, after which defendant may have a rule to strike off the discontinuance: Commonwealth, to use, v. Magee (No. 1), 224 Pa. 166; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329. If such is the practice concerning discontinuance, which lies always in the discretion and control of the court, with greater reason a like rule should obtain in the sufferance of a voluntary nonsuit which, if not too late, depends only upon the will and wish of plaintiff. If plaintiff's rule in the present case were made absolute, plaintiff would have obtained no more than she already possesses without rule, namely, the right to suffer a voluntary nonsuit if not too late. In another aspect the proceeding is futile, because to make absolute the rule for leave and permission is not to suffer the voluntary nonsuit. The latter act only plaintiff can perform and might or might not afterward perform it. So that the plaintiff may be quite free to exercise her own undisturbed discretion, the rule should be discharged without prejudice to her said right.

And now, to wit, February 18, 1943, the rule is discharged without prejudice.