Kozemchak et al., Appellants, *v.* Garner et al.

Argued April 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Paul N. Barna,* for appellants.

*Sanford M. Chilcote,* with him *Dickie, Robinson & McCamey,* for appellees.

OPINION BY FINE, J., September 29, 1948:

Katherine Kozemchak, Mary L. Martin and their husbands, together with Angelo Briganti, appellants, instituted these actions in trespass against Harry William Garner, appellee, and Rent-A-Car Co., Inc., to recover damages for injuries sustained as a result of a collision between a Buick sedan driven by Mary L. Martin and in which Katherine Kozemchak and Briganti, the owner, were passengers, and a truck owned by Rent-A-Car, Inc., and leased to Garner, its operator. In the Kozemchak action a severance was allowed and Mary L. Martin and Angelo Briganti were joined as additional defendants. The jury returned a verdict in favor of Garner in each case; a voluntary nonsuit was taken as to Rent-A-Car Co., Inc.,[1] and verdicts were returned for

[1] Plaintiffs' counsel sought to take a voluntary nonsuit as to Rent-A-Car Co., Inc. The court below prevented this by directing a verdict for this defendant. This was error. *Avellino v. Raup Lumber Co.,* 346 Pa. 131, 29 A. 2d 530; *James v. Bream,* 263 Pa. 305, 106 A. 722. The court below rectified its error by entering the following order: "Judgments of Voluntary Nonsuit . . . are entered in each action." Assignment of error No. 6 is therefore moot.

Katherine and Michael Kozemchak in the amounts of $1,500.00 and $500.00, respectively, against the additional defendants Martin and Briganti. Motions for new trials and for judgments n. o. v., filed by all plaintiffs were dismissed by the court below. These appeals are confined to the denials of new trials.

Appellants contend that the verdicts are against the weight of the evidence and that new trials should have been awarded by the court below. The pertinent facts are as follows: on October 19, 1945, the Buick sedan of appellants was proceeding south on Route 837, at a point near the county line of Washington and Allegheny Counties in the Borough of Elrama. The Buick was being operated by Mary L. Martin and Angelo Briganti, the owner, was seated on the front right seat. Katherine Kozemchak, the other appellant, was seated on the rear left seat directly behind the driver. A truck, owned by Rent-A-Car Co., Inc., and being operated by its lessee, appellee Garner, admittedly on his business, was proceeding in an opposite or northerly direction. Margaret Garner, wife of the appellee-defendant, and Michael Paroda, his brother-in-law, were passengers in the truck. The pivotal issue of fact for the jury's consideration was whether the Garner truck or the Buick sedan crossed the center line of the two-lane macadam highway, or in other words which vehicle was on its wrong side of the highway at the time of collision. A careful examination of the record clearly discloses that the question was properly presented to the jury after full and impartial instructions. Garner was proceeding about 30 to 35 miles per hour when, for the first time, he observed the lights of the Buick sedan approaching from the opposite direction. At that time, the Buick sedan was over the center line and on its wrong side of the highway. Garner testified that he "flicked" his headlights on and off as a signal to the approaching car but despite this signal-

ing the Buick sedan continued to stay over on its wrong side of the highway. When Garner realized his warnings were being unheeded he pulled the truck far over to his right side of the highway near the berm and almost came to a stop when the collision occurred. The left front side of the Buick sedan cleared the truck without the slightest contact; however, the left rear of the sedan collided with and sideswiped the left front corner of the truck body. Corroborative testimony was given by Garner's passengers, his wife, Margaret, and Michael Paroda.

Appellants strongly urge that the presence of fender dirt and glass, mostly on the west side of the road, was conclusive evidence that the collision occurred on that side, or Garner's wrong side of the highway. The testimony may be persuasive, but it is not decisive nor conclusive. To accept appellants' contention would do violence to the well founded rule that the position of a moving object that causes an injury, as shown by certain evidence, cannot be called an "incontrovertible physical fact" where other evidence shows its position to be elsewhere at the time of the accident: *Schaeffer v. Reading Transit Co.*, 302 Pa. 220, 153 A. 323. Mrs. Kozemchak's pocketbook, the contents thereof, and loose spaghetti which had been on the floor of the Buick car were found on both sides of the center line of the highway. There was thus presented a sharp conflict of testimony on the physical facts which was for the jury to resolve. There was no indisputable physical fact that demonstrated conclusively the correctness of the plaintiffs' theory of the accident and discredited Garner's version. As stated in *Snyder v. Penn Liberty Ref. Co.*, 302 Pa. 320, 324, 153 A. 549: "Therefore, since the truck was a moving object, and its position at the time of the accident cannot be fixed as an incontrovertible physical fact, it being disputed by the evidence and inferences therefrom, appellant's theory falls."

The granting of a new trial on the ground the verdict is against the weight of the credible evidence is peculiarly a matter for the court below, and its refusal to grant one for that reason is not, on appeal, a matter for review in the absence of a palpable abuse of discretion. *Yago v. Pipicelli,* 343 Pa. 222, 22 A. 2d 699; *Hindes v. Pittsburgh,* 155 Pa. Superior Ct. 314, 319, 38 A. 2d 420; *Baugh v. McCallum,* 140 Pa. Superior Ct. 276, 282, 14 A. 2d 364; *Hahn v. Hahn,* 135 Pa. Superior Ct. 39, 44, 4 A. 2d 821. "Ordinarily we are not interested in, nor will we consider the weight of the evidence on the one side or the other, as shown by the record of a trial in the court below; that was a subject for the jury primarily, for the court below secondarily, and, in the absence of a clear abuse of discretion, is not, on appeal, a matter for review by the Supreme Court . . . the trial judge who saw and heard the witnesses, when they gave their testimony, is far better able to give due weight thereto, than the Supreme Court can be on an appeal": *Koch v. Imhof,* 315 Pa. 145, 147, 172 A. 672. See also *Wilson v. Kallenbach,* 332 Pa. 253, 256, 2 A. 2d 727; *Mansur v. Josephson,* 333 Pa. 467, 470, 5 A. 2d 102; *Heaver v. Phila. R. T. Co.,* 120 Pa. Superior Ct. 520, 527, 183 A. 110; *Jones v. Manhattan Life Ins. Co.,* 134 Pa. Superior Ct. 437, 446, 4 A. 2d 220. No clear abuse of discretion appears in this case.

Appellants complain of alleged error by the trial judge in excluding testimony of Katherine Kozemchak pertaining to the speed of the approaching truck. This witness was seated on the left rear seat of the Buick sedan and, after testifying that she herself never operated an automobile although she had often ridden in them, was asked, "Q. Now, what do you judge about the speed of the truck as it approached your car from the time you saw it until the time it struck your car?" The court below sustained appellant's objections to this question. The witness may have been competent to express

an opinion, if relevant, as she was not required to possess technical or scientific knowledge thereof. The value and weight to be ascribed to such testimony was for the jury to determine. *Kotlikoff v. Master,* 345 Pa. 258, 27 A. 2d 35; *Muehlhof v. Reading Company,* 309 Pa. 17, 162 A. 827; *Dugan v. Arthurs,* 230 Pa. 299, 79 A. 626. Any error was harmless in light of the fact that such testimony at most is of doubtful value. The accident happened at night and the only observation the witness had of the approaching car was of its headlights. It is significant too that although counsel for appellants complains of the exclusion of this testimony, he did not ask the question of the operator of the Buick car nor of Briganti who also was seated on the front seat. The reasonable inference to be drawn from failure to interrogate these witnesses pertaining to facts regarding which they were qualified to observe, is that the elicited answers would have been unfavorable. If these two witnesses, who were better qualified, were unable to estimate the speed, manifestly Mrs. Kozemchak, who had less opportunity of observation, would not be able to estimate speed with a greater degree of accuracy. In these circumstances we seriously question whether her testimony regarding speed would sustain a finding of negligence based on excessive speed. *Anderson v. Perta,* 138 Pa. Superior Ct. 321, 10 A. 2d 898; *Mulheirn v. Brown,* 322 Pa. 171, 185 A. 304. Moreover, the proximate cause of the accident was not the speed at which either vehicle was proceeding but the operation of one—plaintiffs' car as determined by the jury—on its wrong side of the highway. *Anderson v. Perta,* supra; *Mulheirn v. Brown,* supra; *Stubbs v. Edwards,* 260 Pa. 75, 78, 103 A. 511; *Bloom v. Bailey,* 292 Pa. 348, 350, 141 A. 150; *Collichio v. Williams,* 311 Pa. 553, 166 A. 857.

The fifth assignment of error complains that the trial judge erred in his instructions to the jury in regard to the interest of the parties in the litigation. The chal-

lenged excerpts from the charge read as follows: "People are prone to make statements which will bring about the result they desire and if a witness is interested in securing particular results when you bring in your verdict, it is possible that that witness might color his testimony to produce that desired result." The other portion of the charge reads: "and when you come to a determination of the amount of your verdict, you note the interest the witness has in the case, and if you find he has an interest, you make an allowance for that in determining just how much faith you will put in his testimony." Appellant contends that the above quoted excerpts were tantamount to instructions that because witnesses are interested, their testimony is unworthy of belief. We have read the charge of the court below with great care and must disagree with the effect counsel for the appellants has ascribed to the challenged excerpts. Appellants cannot, by severing from the context portions of the charge, suggest error which is not present in the charge as a whole. *Nicola v. American Stores Co.*, 351 Pa. 404, 406, 41 A. 2d 662; *Robinson v. Philadelphia Transportation Co.*, 347 Pa. 288, 289, 32 A. 2d 26; *Marshall v. Erie Taxicab Co.*, 340 Pa. 241, 243, 15 A. 2d 925; *Levchik v. Shaffer*, 327 Pa. 570, 572, 194 A. 923. As all eye witnesses to the accident were interested persons it is difficult to see how one of the parties to the litigation was aided by the instructions to the detriment and disadvantage of others. Manifestly, the instructions had no prejudicial effect on the computation of damages against Garner for the jury granted none, having absolved him from liability. The Kozemchaks do not complain of the amount of the award against the other defendants, Martin and Briganti.

Matters complained of in the remaining assignments of error do not disclose error which would warrant the granting of new trials and are therefore dismissed.

Judgments affirmed.