Herrold *v.* Waddington, Appellant.

Argued January 8, 1959. Before JONES, C. J., MUSMANNO, JONES, COHEN and McBRIDE, JJ.

*John D. Gresimer*, for appellant.

*Joseph J. Malizia*, for appellees.

OPINION PER CURIAM, March 16, 1959:

George Herrold and his wife, Janet Herrold, brought an action in trespass against Cyril Waddington, Jr., as the result of an accident which occurred when the automobile in which the plaintiffs were riding collided with a car being driven by Waddington. Waddington obtained a severance of the issues so that in the suit of Janet Herrold against Waddington, he, Waddington, brought in George Herrold as an additional defendant. The cases were consolidated for trial.

In the suit of George Herrold against Waddington, the jury returned a verdict for the defendant. In the severed case of Janet Herrold against Waddington and George Herrold, the jury returned a verdict in favor of the plaintiff in the sum of $2500. George Herrold filed a motion for a new trial, averring various reasons, among them the one that the verdict was against the weight of the evidence. Janet Herrold asked for a new trial averring inadequacy of verdict.

The lower court ordered a new trial as to George Herrold versus Waddington, stating: "The next reason assigned for a new trial is that the verdict is against the weight of the evidence. With this we agree. Both the plaintiff and his wife testified that the car of the plaintiff, George Herrold, was in his own proper lane on the highway and defendant crossed into this lane and that the impact occurred there. There was some

corroboration of this testimony by a member of the Pennsylvania State Police who arrived within about fifteen minutes after the accident occurred. He saw a lump of dry dirt which had apparently fallen from one of the cars in the plaintiff's lane at the time of the impact and he also found glass scattered around this same area which to him indicated that the point of impact was in the lane of the plaintiff.

"The plaintiff and his wife both testified that the accident happened on a straight stretch about one hundred feet from a curve to their left. This is also corroborated by the member of the Pennsylvania State Police. They further testified that the left front part of the defendant's car struck the car of the plaintiff between the front wheel and the driver's seat and in this they are corroborated by the testimony of Irwin L. Murray, the mechanic who was called to the scene, and also by exhibits introduced into evidence by both the plaintiff and the defendant. No objection was made to the admission of these exhibits by any of the parties.

"Plaintiff and his wife also testified that on the day after the accident the defendant came to the plaintiff's wife, Janet Herrold, at the hospital in St. Mary's told her that he did not remember how the accident happened and requested her to assist him in making his police report of the accident. She did this and he accepted her version as correct. She testified at the trial of this case that her testimony then being given by her on the stand was in complete accord with the facts set forth on the accident report of the defendant which she assisted him in preparing. The plaintiff, George Herrold, also testified that at the hearing before a justice of the peace in regard to this accident held on March 19, 1957, the defendant, Cyril Wadding-

ton, Jr., testified that he did not know how the accident happened nor how fast he was going.

"The defendant, Cyril Waddington, Jr.'s., testimony was very brief. He testified that the plaintiff drove his car over into the defendant's lane of travel right in front of him and that the front of the Herrold car struck his car. He states that he began to get his memory back the day after the accident, that he had regained it somewhat by the time of the hearing before the justice of the peace on March 19, 1957, and had regained it completely when he testified at the trial. Although he testified that the front of his car and the front of the Herrold car struck each other, his own exhibits show that this is not so. He stubbornly insisted on saying that the bumper on the Herrold car and the front end of the Herrold car were damaged when his own exhibits contradicted this. The exhibits show that the Waddington car was damaged in the front and that the Herrold car was struck from the side. Taken in connection with his own exhibits the testimony of the defendant is incredible and should not be allowed to stand. As said in the case of Young v. Hill, 103 Pa. Superior Ct. 467, 470, 'But when we consider the testimony with the photographs of defendant's car the accuracy of which he does not attack, we are forced to a conclusion that the testimony of the plaintiff and Horsey that the defendant's car ran into the truck cannot be true.'

"This same thing is true in the case at bar. The Herrold car could not have struck the Waddington car head on as testified by Waddington without showing some damage to the front of the Herrold car. No such damage is shown on defendant's own exhibits, as a matter of fact the exhibits show that the front of the Waddington car is damaged but that the damage to the Herrold car was on the left front side to the

rear of the bumper. We feel that the testimony of the defendant in this case is so weak, vague and contradictory that the verdict was clearly against the weight of the evidence and that the plaintiff is, therefore, entitled to a new trial."

As to the motion by Janet Herrold for a new trial, the lower court said: "This court is of the opinion that the verdict of the jury, in view of the seriousness of the injuries, permanent disfiguration, permanent disability and permanent pain which plaintiff has, is and will suffer is shockingly inadequate and one which offends the conscience and shocks the sense of justice of the court. In such case a new trial should be granted. Hutchison v. Pa. R. R. Co., 378 Pa. 24, 32. We are of the opinion that the jury in this case did not give full consideration to and properly evaluate the evidence of the injuries suffered by plaintiff in this case, and award her adequate compensation for same."

The orders for new trials entered by the lower court are affirmed on the quoted excerpts from the opinions filed by President Judge TRAMBLEY of the Court of Common Pleas of Cameron County.