Johnson et al., Appellants, *v.* Shindehite.

36

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Christ. C. Walthour, Jr.,* with him *Fred B. Trescher,* and *Kunkle and Trescher,* for appellants.

*Edward S. Stiteler,* with him *Vincent E. Williams,* and *Smith, Best and Horn,* for appellees.

OPINION BY GUNTHER, J., June 10, 1959:

The only question involved in this appeal is whether the court below abused its discretion in granting a new trial.

On July 22, 1951, Jane Tarr Reaney, who was then a minor, was a passenger in a 1946 Dodge sedan operated by Lawrence Spohn. This automobile was involved in a collision on Route 119 between Crabtree and Greensburg, Westmoreland County, with a 1948 Chevrolet station wagon operated by George Shindehite. As a result of that collision, Jane Tarr Reaney (who subsequently married and was known at the time of trial as Jane Tarr Reaney Johnson) suffered a fractured jaw, bruises of the face and shoulders, and was required to have several of her teeth extracted. As a result of such injuries a trespass action was instituted by the minor in her own right and by the parents of the minor in which George Shindehite was named defendant. Subsequently, Lawrence Spohn was joined as an additional defendant.

The first trial was held on February 18, 1954, when a juror was withdrawn and the case continued. The second trial commenced on October 17, 1956, and at the conclusion of this trial the jury returned a verdict in favor of appellants and against the original defendant. The defendant filed a motion for a new trial, which the court *en banc* granted on December 10, 1957 in a unanimous opinion. The reasons assigned for the granting of a new trial were (a) that the court was totally unable to believe that the accident happened in the manner related by the plaintiffs; (b) that the jury were out of line with the natural course of events, and (c) that error has been committed and the only way it can be rectified is by the awarding of a new trial.

The parties involved in this accident went to see a fireworks display at Crabtree on the night of July 21, 1951. Both plaintiffs and the original defendant were returning to Greensburg shortly after midnight and, when approximately a mile and a half from the city

limits of Greensburg, the collision occurred. The plaintiffs testified that the defendant's car was ahead of them and completely stopped because of traffic ahead of him. As they came up in the car driven by Lawrence Spohn, they stopped completely about a half car length behind the car of the defendant. They were in a stopped position for approximately fifteen seconds when the defendant's car backed into the car in which they were passengers and just about the time Lawrence Spohn had set his handbrake and was in the act of straightening up. The minor plaintiff was in the front seat and as the collision occurred, she lurched forward and hit her head against the windshield. Defendant, on the other hand, testified that he was the last car in line heading toward Greensburg. As there were many cars ahead of him in a stopped position, he stopped and was in a stopped position for approximately fifteen to twenty seconds. While in such a stopped position, the additional defendant, Spohn, drove up suddenly behind him, ran into the back of his station wagon, throwing the children in his car on the floor. The bumper guard of Spohn's car was hooked underneath the bumper of defendant's car and a jack had to be used to separate the two cars. The defendant's contention was to the effect that plaintiffs' car had to be stopped so suddenly that the foot brakes were insufficient and the handbrakes had to be used in an attempt to stop the car before collision.

Judge LAIRD, who was the trial judge and who wrote the opinion for the court *en banc,* stated: "We have no quarrel with the amounts of the verdict as rendered but we are totally unable to believe that the accident happened in the manner as related by plaintiffs. We have been listening to testimony relating to automobile cases for the last twenty years and are more or less familiar with the manner in which cars are oper-

ated, maneuvered and handled in traffic. We have been more or less familiar with the road, the grade, the lay of the land and the 'locus in quo' for the last sixty or seventy years and we are convinced that an error has been committed . . .".

Both the Supreme Court and this Court have frequently stated that a new trial should not be granted merely because of a conflict in the testimony or because the trial judge on the same facts would have arrived at a different conclusion. *Carroll v. Pittsburgh,* 368 Pa. 436, 84 A. 2d 505; *Dean v. Trembley,* 185 Pa. Superior Ct. 50, 137 A. 2d 880. But this guiding principle has certain well-defined exceptions. Where the court sees and hears the witnesses, it has not only an inherent fundamental and salutary power, but it is its duty, to grant a new trial when it believes the verdict was capricious or was against the weight of the evidence and resulted in a miscarriage of justice. *Clewell v. Pummer,* 388 Pa. 592, 131 A. 2d 375. The court below without doubt was convinced that, notwithstanding the conflict in evidence, the verdict of the jury resulted in a miscarriage of justice. The reasons assigned for the granting of a new trial cannot be classified as insufficient or invalid but were based upon a valid exercise of judicial discretion. As stated by the Supreme Court in *Streilein et al. v. Vogel et al.,* 363 Pa. 379, 69 A. 2d 97, "Even where a new trial is granted for a seemingly insufficient or invalid reason, an appellate court will not interfere therewith unless it affirmatively appears that the ground so assigned was the exclusive reason for granting the new trial."

We have recently stated that in the absence of an abuse of discretion, an order granting a new trial on the ground that the verdict was against the weight of the evidence will not be disturbed on appeal. *Anderson v. Philadelphia Transportation Company,* 188 Pa.

40

Superior Ct. 91, 145 A. 2d 891; *Lutz v. Force,* 185 Pa. Superior Ct. 610, 139 A. 2d 566. Our review of this record does not disclose an abuse of judicial discretion and we, therefore, find no compelling reason to interfere with the unanimous action of the court below.

Order affirmed.