Hilling *v.* Stinson Motor Sales, Inc., Appellant.

Argued November 11, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Avra N. Pershing, Jr.*, for appellant.

*Henry E. Shaw*, with him *Scales and Shaw*, for appellees.

OPINION BY WRIGHT, J., December 17, 1959.:

On January 7, 1956, Herbert C. Hilling, Jr., then aged nineteen years, was riding as a prospective purchaser in a motor vehicle which was being demonstrated by an employe of Stinson Motor Sales. At the corner of Lowry Avenue and Vine Street in the City of Jeanette, the motor vehicle collided with a telephone pole. A trespass action was instituted by Herbert C. Hilling, Jr., and his parents to recover damages for serious personal injuries sustained by the minor plaintiff. After a four-day trial, the jury returned verdicts which were unacceptable because no amount was fixed. The jury returned a second time and the verdicts were still unacceptable. Following a colloquy between the trial judge and the foreman of the jury, counsel for

plaintiffs moved that a juror be withdrawn and a mistrial declared on the ground that "this jury seems to be confused on the issues involved". This motion was overruled. The jury returned a third time with verdicts in favor of the minor plaintiff in amount of $4,027.00 and in favor of the parents in amount of $3,400.00. The court en banc thereafter granted plaintiffs' motion for a new trial. The defendant appealed to the Supreme Court, which remitted the appeal to this court.[1]

Appellant contends that the verdicts as eventually returned were compromise verdicts, that they were substantial in amount and reasonably resembled the proofs of damage, and that the lower court abused its discretion in granting a new trial on the ground that the verdicts were inadequate. This contention would not be without merit if it was supported by the record. However, there is nothing in the opinion of the lower court to suggest that the verdicts were a compromise, or that its decision was based solely on the ground of inadequacy. Appellees assigned nineteen reasons in support of their motion for a new trial. Without eliminating any other reasons, the court en banc granted the new trial on the grounds that the jury "did not understand the issues involved", and that the verdicts "were against the weight of the legally competent evidence".

It is unnecessary to restate at length the applicable legal principles. In an opinion filed this day in *Kuzma v. Kuzma,* 191 Pa. Superior Ct. 295, 156 A. 2d 884, we said: "The trial court has an immemorial right to grant a new trial in the interest of justice . . . The presumption is that the trial court was justified in granting a new trial . . . Consequently, our review on appeal is

---

[1] Since there were two verdicts, there should have been two appeals. However, this procedural discrepancy is not material in view of our disposition of the case.

limited in scope and we may not reverse in the absence of a palpable abuse of discretion". We are not convinced, under the circumstances disclosed by this record, that there was an abuse of discretion by the court below in the instant case.

Appellant quotes extensively from the opinion of Judge Woodside in *Krusinski v. Chioda,* 186 Pa. Superior Ct. 419, 142 A. 2d 780. However, that case was reversed by the Supreme Court in *Krusinski v. Chioda,* 394 Pa. 90, 145 A. 2d 681. The only other case cited by appellant is *Elza v. Chovan,* 396 Pa. 112, 152 A. 2d 238, which affirmed the decision of this court in *Elza v. Chovan,* 187 Pa. Superior Ct. 275, 144 A. 2d 436. In that case a new trial had been granted solely on the ground of inadequacy, but the record did not disclose a clear case of injustice. In fact, a statement by the trial judge that the court "may well accept either side of the coin" manifestly revealed the absence of compelling urgency. The case at bar presents an entirely different situation. The latest decision on the subject is *Daccorso v. George F. Otto, Corp. et al.,* 397 Pa. 328, 155 A. 2d 199, wherein the Supreme Court affirmed an order granting a new trial in which the action of the lower court was based solely on the ground that the verdict was inadequate.

Order affirmed.