## Macklin, Appellant, *v.* Philadelphia Transportation Company.

Argued November 23, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*Mark Charleston,* with him *Harry A. Cantor,* for appellant.

*Robert E. Scullin,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 15, 1960:

This is an appeal from an order granting a new trial. Plaintiff sued in trespass alleging injuries sustained on June 21, 1955, when she was struck by prematurely closing doors as she was boarding a bus owned and operated by defendant. The jury returned a verdict in plaintiff's favor in the amount of $15,000. Defendant moved for judgment n.o.v. and for a new trial. The court *en banc,* sitting without the trial judge, refused the first motion, but granted a new trial with the following explanation: "A careful review of the evidence reveals serious conflict and contradictions in plaintiff's evidence. The issues of the happening of the accident, the manner of its occurrence; the injuries sustained therefrom, their nature, degree and extent; and the employment and compensation of plaintiff subsequent to the accident are beclouded with contradictions and inconsistencies. Although the Trial Judge properly and adequately charged the jury, the verdict was against the weight of the evidence and the interests of justice require that a new trial be awarded to

defendant. . . . The contradictions and inconsistencies together with the actual expenses incurred indicate that the verdict is clearly excessive and offends the conscience and judgment of this Court."

This case is distinguished from the usual appeal from an order granting a new trial in that the trial judge who heard the case was not a member of the court *en banc* which awarded the new trial.

While in *Frank, Admr. v. Bayuk,* 322 Pa. 282, 185 Atl. 705 (1936), the same situation existed and it was there determined that the court was legally constituted and the absence of the trial judge did not deprive the other members of the court *en banc* of the power to act, still we cannot refrain from again pointing out that it is most desirable and important for the trial judge to sit with other members of the court in hearing arguments on motions for new trial. The rationale of most of our decisions points up that our reluctance to interfere with the grant of a new trial has been that the trial judge, who saw and heard the witnesses, is better able to decide what weight should be given to the witnesses' testimony. The trial judge's absence from the court *en banc* deprives the litigants and our Court of the trial judge's observations and imposes upon us the responsibility of increased scrutiny to determine the propriety of the award or refusal of a new trial. Our duty in reviewing the record on appeal becomes the same as that of the court *en banc.*

We have read the testimony in great detail and after evaluating the weight of the evidence and all the other factors, we cannot conclude that the award of a new trial by the court *en banc,* acting without the trial judge in this case, was erroneous.

Order affirmed.