## Allen *v.* Duignan, Appellant.

Argued March 8, 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*Jerome E. Parker,* with him *E. C. Marianelli,* for appellant.

*John D. McAfee,* for appellee.

OPINION BY WATKINS, J., March 24, 1960:

This is an appeal from the decision of the Court of Common Pleas of Luzerne County granting a new trial in a trespass action on the ground of counsel's conflict of interest, although in the opinion of the court below it was not a case which otherwise would warrant or require interference with the verdicts.

The action grew out of an automobile accident in which Verna M. K. Roberts, one of the plaintiffs and the additional defendant, was operating an automobile in a Southerly direction along the four lane Hazleton Pennsylvania highway. She testified that her car was struck by one driven by the defendant, John Duignan, who was proceeding toward Wilkes-Barre, as she was making a left-hand turn.

Mrs. Roberts, her sister, Caroline Allen and her husband Malcolm Allen, brought the action against Duignan. By agreement of counsel, Mrs. Roberts' case was severed so that she might be added as an additional defendant. A verdict was rendered in favor of Duignan and against Mrs. Roberts and in favor of Mrs. Allen and Mr. Allen against Mrs. Roberts. The appeal obviously presents only a question of law as it is admitted that the action of the court below was determined exclusively by the finding of the existence of conflict of interest on the part of counsel in the case.

The original complaint in this case was filed by Attorney Albert F. Maier and Attorney Louis G. Feldmann, in a complete and full association. The original complaint was filed by both attorneys on behalf of Verna M. K. Roberts, Caroline Allen and Malcolm Allen against John Duignan, the defendant. Subsequent stipulations filed and referred to in the printed record showed both attorneys represented all plaintiffs. The entry of appearance of the additional defendant, Verna M. K. Roberts, was filed by both attorneys in association. The motions for a new trial as well as the additional defendant's motion for judgment n.o.v. were all filed by both attorneys representing all the parties except the original defendant, John Duignan.

We agree with Judge PINOLA of the court below that the situation in this case falls squarely within the ruling of *Jedwabny v. Phila. Tr. Co.*, 390 Pa. 231, 135 A. 2d 252 (1957), which held that the grant of a new trial where a conflict of interest similar to the instant case appears, did not only not constitute an abuse of discretion by the court below but was affirmatively proper. And although Judge PINOLA was convinced that the case had been fairly tried and proper verdicts rendered, and was reluctant to grant a new trial, he felt that under the law he was duty bound to do so. He sets forth his position clearly where he says: "All the

witnesses are respectable and seemingly worthy of belief. The evidence was conflicting. The jury chose to believe Duignan. Their action was proper and, in our opinion, this is not a case which warrants or requires our interference with the verdicts.

"However, at argument, Louis G. Feldmann, counsel for Mrs. Roberts, for the first time, asked that a new trial be granted because he and Albert Maier, Esq., represented all plaintiffs and tried the case representing the two Allens as plaintiffs and Mrs. Roberts both as plaintiff against Duignan and as additional defendant. John McAfee appeared as counsel for Mrs. Roberts as additional defendant and joined 'in the brief and argument of Louis G. Feldmann, Attorney for Verna M. K. Roberts as plaintiff', in asking for a new trial, asserting that injustice resulted to her. Albert F. Maier also appeared as the attorney for Caroline Allen and he too joined in the brief and argument of Louis G. Feldmann urging a new trial.

"They all insist that we must grant a new trial under the ruling of the Supreme Court in Jedwabny v. Philadelphia Transportation Co., 390 Pa. 231. . . . Since the situation in our case is practically the same as that in Jedwabny v. Philadelphia Transportation Co., supra, we feel duty bound to enter the following order."

Order affirmed.