Olynik *v.* Luce, Appellant.

Argued April 12, 1960. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ.

*Stuart A. Culbertson,* with him *Paul E. Allen,* for
appellant.

*Peter E. Blystone,* with him *J. Perry Eckels,* and
*Eckels, Stigner & Blystone,* for appellees.

OPINION BY WRIGHT, J., June 15, 1960:

On November 30, 1957, in Cussewago Township,
Crawford County, there was a collision between a Pon-
tiac automobile owned and operated by Charles Olynik,
in which his wife, Mary Alice Olynik, was riding as a
passenger, and a Chevrolet automobile owned and op-
erated by Merle H. Luce. Olynik and his wife insti-
tuted a trespass action against Luce, who obtained a
severance. The husband was thereafter joined as ad-
ditional defendant in the wife's action. At the com-
mencement of the trial, Honorable LEO H. McKAY
specially presiding, attention was called to the ques-

tion of conflict of interest. See *Jedwabny v. Philadelphia Transportation Co.*, 390 Pa. 231, 135 A. 2d 252; *Allen v. Duigan*, 191 Pa. Superior Ct. 608, 159 A. 2d 21. It was thereupon noted for the record that the parties understood the situation and were satisfied. After a three-day trial, the jury found Luce and the husband equally guilty of negligence, and awarded damages against both in the wife's action in amount of $5,000.00. Consistently, in the husband's action against Luce, the jury found for the defendant. The husband filed a motion for new trial in both actions. Luce filed a motion for judgment n.o.v. in the wife's action, which motion was subsequently withdrawn. The court en banc thereafter ordered "that the rule to show cause why a new trial should not be granted in the above entitled cases on the ground that the verdicts of the jury are against the weight of the evidence, is made absolute and a new trial is ordered". Luce has appealed.[1]

The record discloses that the collision occurred about 4:45 P.M. at a T intersection. The top of the T runs from north to south and actually consists of two roads. A paved highway, up to that point known as Route 20127, comes from the north and makes a right angle turn to the west. Route 618, an unimproved road, leads off to the south. The continuation of the paved highway, running from east to west, is known as Route 20056. On the afternoon in question it had been snowing for several hours and the road surface was wet and slippery. There is an uphill grade as one approaches the intersection from the north on Route 20127, which grade continues around the turn into

---

[1] Since there were two verdicts, there should have been two appeals. However, this procedural discrepancy is not material in view of our disposition of the case. Cf. *Hilling v. Stinson Motor Sales, Inc.*, 191 Pa. Superior Ct. 343, 156 A. 2d 887.

Route 20056. The views of drivers approaching from either north or west are obscured by an embankment at the northwest corner of the intersection. The Olynik automobile was moving east on Route 20056 about to turn north on Route 20127. The Luce automobile was proceeding south on Route 20127 and was negotiating, or had just negotiated, the turn west into Route 20056 when the left front fenders of the respective automobiles came into contact. The testimony was in conflict as to whether the collision took place in the intersection, or just west thereof. Similarly, the respective theories of the manner in which the collision occurred were conflicting. It was the theory of the husband-plaintiff that he was traveling on his own or south side of Route 20056 at 15 miles per hour and that the Luce automobile came around the turn on its wrong or south side. Luce's theory was that, while negotiating the turn, he was operating entirely on his own or north side of the road and that the Olynik automobile was in the middle of the highway. Following the collision, the Olynik automobile remained for some time in its position immediately after the impact, whereas the Luce automobile was backed a short distance down the grade to the north.

In addition to the husband-plaintiff,[2] there were four witnesses who supported the Olynik theory as to liability. Stephen Holowich testified that he arrived at the scene shortly after the collision, and that the Olynik car was then on the extreme south side of Route 20056 west of the curve. J. O. Boyer, who resided at the northwest corner of the intersection, testified to the same effect. He also stated that, several days later after the snow had melted, he saw broken glass on the highway some two and one-half feet north of the south

[2] Mary Alice Olynik, the wife-plaintiff, was reading a grocery list, and "did not see how the accident took place".

edge of the paved portion. Both Boyer and his wife, Mary Jane Boyer, testified that, shortly after the collision, Luce came into their home and stated "that it was all his fault and he wouldn't have it happen for anything". Ronald Swartwood, a state police officer who investigated the collision, testified that, when he arrived at the scene about 6:00 P.M., the Olynik vehicle was on the extreme south side of Route 20056 west of the curve; that there was debris on the highway immediately in front of the left portion of the car; and that Luce made the following statement: "I was too much on the left side and I ran into this car coming toward me".

Appellant testified on his own behalf, and called three witnesses in an attempt to support his theory as to liability. Herbert Alward, Harold Baer and Will Fuller, three highway department employes, passed the scene in a cindering truck about 6:30 P.M. It was quite dark at that time and snowing hard, and they did not stop. They testified that the Olynik car was headed down grade "right in the bend". When questioned as to the admission described by the Boyers, Luce testified: "Gee, I don't recall making any statement like that. Of course, I was all shook up, but I do mind saying I was sorry the accident had to happen that way". Asked whether he made the admission about which Swartwood testified, Luce stated: "Well, I don't know whether I did or not". It is significant that Luce did not positively deny making either statement.

Appellant's contention on this appeal is that the grant of a new trial by the court below was "a palpable abuse of discretion". In briefs covering a total of 70 pages, his resolute counsel have made an exhaustive analysis of the record. Particularly emphasized is the following statement in the opinion below: "The case

was clearly for the jury and the question was properly submitted to that tribunal to determine which of the respective versions of the happening of the accident was the correct one". It is therefore asserted that the court en banc usurped the function of the jury. On the contrary, our examination of this record in the light of the applicable legal principles entirely fails to disclose an abuse of discretion.

The trial court has an immemorial right to grant a new trial whenever, in its opinion, the justice of the particular case so requires: *Seidel v. Yeadon Borough*, 191 Pa. Superior Ct. 45, 155 A. 2d 370. "Where a trial Judge or Court sees and hears the witnesses, it has not only an inherent fundamental and salutary power, but it is its duty, to grant a new trial when it believes the verdict was capricious or was against the weight of the evidence and resulted in a miscarriage of justice": *Clewell v. Pummer*, 388 Pa. 592, 131 A. 2d 375. "While the ascertainment of the underlying facts, and the drawing of the inferences and final conclusions therefrom, are for the jury, even where strong conflicting oral evidence is produced by a defendant, yet, in every such instance, a grave responsibility rests upon the trial judge to see to it that no verdict contrary to the weight of the evidence or shocking to judicial conscience is allowed to stand": *Maloy v. Rosenbaum Co.*, 260 Pa. 466, 103 A. 882. One of the least assailable grounds for the exercise of the power to grant a new trial is the conclusion of the trial court that the verdict is against the weight of the evidence: *Lockhart v. Longmore*, 189 Pa. Superior Ct. 455, 151 A. 2d 829. And see *Johnson v. Shindehite*, 190 Pa. Superior Ct. 35, 151 A. 2d 648.

Our review on appeal is limited in scope, and is confined to the question of abuse of discretion: *Kuzma v. Kuzma*, 191 Pa. Superior Ct. 295, 156 A. 2d 884. "To

resolve this question we too must examine the record and assess the weight of the evidence; not, however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury": *Exner v. Gangewere,* 397 Pa. 58, 152 A. 2d 458. Appellant "has a very heavy burden, which in the instant case we regard as insuperable": *Cobb v. Chubek and Jacox,* 399 Pa. 201, 160 A. 2d 207. The well considered opinion for the court en banc, written by the trial judge,[3] fully supports the order granting a new trial.

Six cases are cited in appellant's brief, none of which controls the present appeal. In *Kozemchak v. Garner,* 163 Pa. Superior Ct. 328, 61 A. 2d 375; *Dean v. Trembley,* 185 Pa. Superior Ct. 50, 137 A. 2d 880, and *Herrold v. Waddington,* 394 Pa. 635, 148 A. 2d 923, an order refusing to grant a new trial was affirmed. In *Ropele v. Stewart,* 185 Pa. Superior Ct. 522, 137 A. 2d 895, wherein we reversed an order granting a new trial after a verdict for the defendant, Judge WOODSIDE stated: "The jury could have found the plaintiff guilty of contributory negligence on the basis of his own testimony". In *Elza v. Chovan,* 396 Pa. 112, 152 A. 2d 238, a new trial had been granted solely on the ground of inadequacy of the verdict, but the record manifestly revealed the absence of injustice. In *Selly v. Ciocca,* 397 Pa. 409, 155 A. 2d 814, it was held that the court below erred in granting a motion for judgment n.o.v. In the words of Mr. Justice BOK in *Lupi v. Keenan,* 396 Pa. 6, 151 A. 2d 447: "Where a verdict is so greatly against the weight of the evidence as to be a shock to the judicial conscience a court has not

---

[3] Cf. *Macklin v. Philadelphia Transportation Co.,* 398 Pa. 444, 158 A. 2d 557.

only the right but the duty to disagree with the jury and to overturn its verdict".

Order affirmed.