## Berek v. Smock

*Marc L. Marks*, for plaintiffs.

*George H. Rowley*, for defendant.

ACKER, J., March 4, 1969. — The matter for determination is whether defendant is obligated to disclose the existence of insurance, the name of the company, and the limits of the policy. It is claimed that this information is privileged and sought in bad faith. In addition, defendant alleges by objections to plaintiffs' interrogatories that the information sought is not relevant to the subject matter; would not aid in the preparation of the pleadings or for trial; that the disclosure of the information would be prejudicial to the defendant and is in violation of defendant's constitutional rights.

The facts of the accident as alleged by plaintiff may be of some value in an eventual determination of the issues involved. It is claimed that on February 27, 1969, at approximately 6:30 p.m., while the husband plaintiff was driving with his wife plaintiff as a pas-

senger and while stopped in a lane of traffic, plaintiffs' vehicle was negligently struck in the rear by one operated by defendant causing serious and permanent injuries of wife plaintiff. Among the many injuries alleged are "pain in the upper dorsal and cervical region of the back; severe occipital headaches; traumatic myositis of the posterior neck muscles; blurring of vision; severe limitation of motion in the area of the neck; questionable fracture of the pillar at C-5 on the left; cervical, dorsal and lumbar sprain and strain; severe cervical strain". Plaintiff claims a permanent injury. As of December 3, 1968, when the affidavit to the complaint was executed, the special damages were in the total amount of $417.45. Among the items comprising that figure is $202 for payment of the statement of Drs. Aye and Benninger, orthopedic surgeons.

Defendant had filed an answer containing new matter in which pursuant to the rights granted under Pa. R. C. P. 2252 (d) husband plaintiff is joined as an additional defendant for contribution, claiming that he stopped suddenly without giving proper signal of his intentions to do so, inter alia. Subsequent to the filing of the defendant's initial brief and prior to the argument of the matter, this court through Stranahan, P. J., rendered a decision of Groce v. Hile, 46 D. & C. 2d 89, 8 Mercer 326 (1969). This opinion fully reflects the position of this court concerning the basic issues of materiality, privilege, constitutional rights, and general policy of this court. Subsequently, defendant's counsel submitted a supplemental brief and argument was held before the court en banc. Conceding without agreeing to the conclusions of Groce v. Hile, supra, counsel for defendant contends that it is obvious that if there is coverage it must be at least $10,000 coverage because this is required under the financial responsibility provision of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1421, et seq. Defendant then

admits that there is in fact liability. coverage, but that this court should not in this case require disclosure because it is not reasonable to expect that a verdict in this case would be given beyond the minimal coverage of $10,000. If this position is accepted, this court will then be in the position of passing upon each case as to whether it reasonably believes the verdict will or will not meet the minimum insurance coverage. This is, of course, the basic position of President Judge Gourley of the Federal District Court, Western District of Pennsylvania in Rosenburg v. Vallejo, 30 F.R.D. 352 (1962), where it is suggested liability as well as damages must be considered on a case to case basis.

Can it be said in this case that it is not reasonably possible that a verdict will be achieved in excess of $10,000?

A review of the cases and general experience informs the knowledgeable trial counsel that there can be no definite determination of the amount of the verdict dependent upon the specials appearing either at the time the complaint is filed or at pretrial. Demonstrating this principle is Townsend v. Pittsburgh, 383 Pa. 453, 119 A. 2d 227 (1955). There plaintiff sustained a sprain in the sacroiliac joint and at the left ankle. Her symptoms were mostly subjective; medical bills, $275; hospital bills, $48.50; verdict, $15,000; Doerflinger v. Davis, et al., 412 Pa. 401, 194 A. 2d 897, verdict for posttraumatic fibrositis at C4 and C7, a 10 percent permanent disability; doctor bills, $870; x-ray, $80; household help, $650; verdict for wife, $18,500; husband, $950; Yarsunas v. Boros, 423 Pa. 364, 223 A. 2d 696 (1965), lumbar sacral sprain, lost one day's work; verdict, $11,300; specials to date at the time of trial, doctor, $320; x-ray, $50; brace, $24; loss of wages, $20.54; Griest v. Playtown, Inc., 414 Pa. 58, 199 A. 2d 131 (1964), female plaintiff, age 50, fell off of merry-go-round in defendant's amusement park

sustaining injury to soft tissue of back, diagnosis lumbar sacral sprain with musculoligamentous decompensation; medical expense, $245; eight weeks from work at a total loss of wages of $608; the condition would persist for an indefinite period; verdict, $20,000; Messer v. Beighley, 409 Pa. 551, 187 A. 2d 168 (1963), male plaintiff, age 50, sustained fall in defendant's store, aggravation of pre-existing congenital defect in the lower sacral region, chronic and recurrent, but was not characterized as permanent; medical expense, $597.70; total loss of wages $791.83, at the time of trial; verdict, $50,000; Macklin v. Philadelphia Transportation Co., 398 Pa. 444, 158 A. 2d 557 (1960), female plaintiff, 48 years of age, sustained a lumbar sacral sprain and an aggravation of pre-existing arthritic condition in a bus accident; medical expenses, $617.50; verdict, $15,000; Ficatendi, et al. v. Dubin, Admr., C. P. 1, March 1961, No. 2625 (tried Ct. 1 Philadelphia 1966), wife plaintiff, age 43, sustained an acute low back strain, acute cervical strain; hospital bill, $27.50; doctor, $267; lost wages, $568; verdict, $25,000; husband plaintiff, age 45, sustained lumbar sacral strain and aggravation of pre-existing arthritic condition, full recovery, no lost time; doctor, $91; property damage, $392.13; verdict, $15,000. In Mercer County in Robert Lizzie and Janice Lizzie v. August Petrillo, 311 March Term, 1964, a reading of the complaint discloses a cervical sprain to the wife plaintiff with special medicals of $163.09, verdict for wife plaintiff, $15,000, husband plaintiff, $1,000.

Therefore, it is most apparent that the value of a case cannot necessarily be determined by the amount of the "specials" or that which is necessarily alleged in the complaint.

Our Supreme Court has noted as common knowledge that an injury to a back does not necessarily require frequent visits to the doctor to evidence its seri-

ousness, its painfulness, or its incapacitating physical effect: Glaister v. Eazor Express, Inc., 390 Pa. 485 at 492, 136 A. 2d 97 at 101 (1957). Wherefore, it is the conclusion of this court that the facts of the instant case do not warrant an assumption that a verdict in the amount of $10,000 would be the maximum limit of reasonable expectancy of recovery. Nor do we adopt the position that this and other cases should be decided on a case-to-case basis. Rather, it is the opinion of this court that to follow the suggestion of individual determination would soon result in a multitude of inconsistencies with no definite yardstick by which to measure.[1] Wherefore, defendant's objection to interrogatories 5 and 6 is overruled.

## ORDER

And now, on this March 4, 1969, it is hereby ordered that defendant, Marion L. Smock, must answer interrogatories 5 and 6 dealing with the existence of liability insurance applicable to this accident and the limits of the liability within twenty days of this order.

---

[1] The other arguments of the defendant in this case have been considered, but are refused in the light of Groce v. Hile, supra. The one remaining argument not answered in that case or by this opinion is that this court will be required to order a defendant who is uninsured to disclose all of his assets prior to trial in order to be consistent and not to unduly prejudice a defendant who is insured or the insurance carrier of that defendant. This opinion is not an effort to answer that problem which will await determination when it is brought before this court upon that factual situation.