## Gold & Company, Inc. v. Northeast Theater Corp.

*James A. Lewis,* for plaintiff and additional defendant.

*Robert G. Geeseman* and *Paul F. Laughlin,* for defendants.

WETTICK, *J.,* November 14, 1977—This opinion considers a motion of defendants to disqualify James A. Lewis and the law firm of Hollinshead and Mendelson from representing both Gold & Company, Inc. (hereinafter referred to as "Gold") and David J. Tinkham (hereinafter referred to as "Tinkham") and a motion of Gold and Tinkham to disqualify Robert G. Geeseman and the law firm of Lynch, Lynch, Carr and Kabala from representing defendants Western Pennsylvania Ltd., Western Pennsylvania Company, Eugene F. P. Kelly, Howard Christner, and Theodore A. McWilliams (hereinafter referred to as "Western Pennsylvania defendants").

The lawsuit out of which these motions arise involves an action to recover a real estate commission for services rendered in a real estate transaction

into which the various defendants entered. Gold seeks a commission of six percent of the total consideration, which commission would according to Gold's pre-trial statement exceed $500,000. Defendants dispute this claim, contending that an agreement with Tinkham, acting as an agent of Gold, calls for a total real estate commission of $50,000.

The role which Tinkham played in this transaction is of major significance. Defendants allege that Tinkham was retained by various defendants as an independent broker; that Tinkham hired Gold to assist him; that Tinkham agreed to a commission of $50,000; and that this action was commenced because Gold and Tinkham could not agree on the division of the $50,000 commission. Gold, on the other hand, alleges that Tinkham was acting as an agent of defendants; that Tinkham, as defendants' agent, retained Gold to represent various defendants; that Tinkham had no authority to bind Gold; and that Tinkham never represented that a commission of $50,000 was acceptable to Tinkham and Gold.

Defendants have joined Tinkham as an additional defendant through a complaint which requests the court to "Order any judgment entered against Defendants in excess of $50,000 be paid solely by and be a judgment solely against David Tinkham." The allegations that Tinkham and defendants agreed upon a total consideration of $50,000 and that Gold's role in the transation was as an agent and employe of Tinkham serve as the basis for this relief.

I.

James A. Lewis, Esq., and the law firm of Hollinshead and Mendelson represent both Gold and

Tinkham in this action. Defendants contend that the Code of Professional Responsibility bars a single attorney from representing both parties.

Defendants correctly assert that an attorney may not represent in litigation multiple clients with critically adverse interests and that it is the responsibility of a court to bar an attorney from representing multiple clients if the interests of such clients may be critically adverse. See Disciplinary Rules 5-105(A) and 5-105(B); Ethical Considerations 5-14 and 5-15; Allen v. Duignan, 191 Pa. Superior Ct. 608, 159 A. 2d 21 (1960); and Jedwabny v. Philadelphia Transportation Company, 390 Pa. 231, 135 A. 2d 252 (1957).

In this action, the pleadings permit the entry of a judgment in the amount of the entire commission which Gold seeks, less $50,000, against Tinkham. Thus, the representation of both Gold and Tinkham by a single attorney would appear to be barred by the prohibition against representation of multiple clients with potentially critical adverse interests. See Allen v. Duignan, supra, and Jedwabny v. Philadelphia Transportation Company, supra.

Gold's attorney, however, has represented to this court that this potential conflict of interest has been eliminated through an agreement between Gold and Tinkham which bars Gold from enforcing any judgments entered in his favor against Tinkham or against any of defendants against whom Tinkham is liable over and which provides that any commission which is recovered against defendants will be divided between Gold and Tinkham.[1] If such an

---

1. The December 19, 1976, agreement attached to the Gold-Tinkham brief in opposition to motion to disqualify James A. Lewis, Esq., and Hollinshead and Mendelson as counsel, does not bar Gold from enforcing any judgment entered in his favor against Tinkham or against any of defendants against

agreement exists, there is no conflict of interest between Gold and Tinkham and no basis for this court prohibiting a single attorney from representing both parties.

Defendants contend that the Gold-Tinkham agreement should not be recognized by this court because the elimination of any individual liability on the part of Tinkham to Gold will have a tendency to promote false testimony and, consequently, is against public policy and the law. While the contention that the agreement may have a tendency to promote false testimony may be used at trial to weaken the credibility of Tinkham, this court has found no case law that would bar recognition of such an agreement. If, as Gold and Tinkham allege, there was no agreement with defendants to limit the real estate commission to $50,000, the decision of Gold and Tinkham to agree upon the manner in which they will divide any commission which they recover and to minimize litigation expenses by using a single attorney promotes legitimate business interests. Thus, we cannot presume that the agreement was made for the purpose of altering Tinkham's testimony or that such an agreement will operate to alter Tinkham's testimony.

For these reasons, defendants' motion to disqualify counsel for additional defendant, David J. Tinkham, for a conflict of interest is denied.

---

whom Tinkham is liable over. An agreement, executed by Gold, which waives his right to enforce any such judgment shall be filed with this court and opposing counsel within ten days. If such an agreement is not filed, this court will entertain a request by defendants to reconsider their motion to disqualify.

## II.

Gold and Tinkham base their motion to disqualify Robert G. Geeseman and the law firm of Lynch, Lynch, Carr and Kabala from representing Western Pennsylvania defendants upon their allegations that attorney Richard Carr, a member of the firm of Lynch, Lynch, Carr and Kabala, will be a material witness in the trial of this action.[2]

More specifically, Gold and Tinkham allege that a clear conflict is presented between the testimony of Tinkham and the testimony of Carr on an issue critical to the adjudication of the case; that Carr's testimony is essential to the Western Pennsylvania defendants; and, consequently, that Geeseman and his law firm are barred from continuing their representation by Disciplinary Rule 5-102(A) which requires an attorney to withdraw from the conduct of the trial whenever it is obvious that he or a member of his firm ought to be called as a witness on behalf of his client.[3]

Western Pennsylvania defendants deny that a conflict is presented between the testimony of

---

2. We reject Western Pennsylvania defendants' contention that the motion to disqualify cannot be considered at this time. Pa. R.C.P. 222 is not the only source of a court's authority to disqualify an attorney who may be called as a witness. The court may also proceed under Disciplinary Rule 5-102 which requires withdrawal as soon as an attorney learns that a member of his or her firm may be called as a witness on behalf of his or her client to testify to matters not covered by Disciplinary Rule 5-101(B).

3. In this opinion, no consideration is given to Disciplinary Rule 5-101(B) because Gold and Tinkham have not claimed that it was known or obvious that Carr would be a witness prior to Geeseman's undertaking employment.

Tinkham and the testimony of Carr—instead, they claim that both Carr and Tinkham agree upon the substance of the conversation in question so Carr, if called as a witness, will testify to an uncontested matter. Western Pennsylvania defendants also deny that they ought to call Carr—instead, they assert that he is not an essential witness and that they do not intend to call him.[4]

Although a May 18, 1977, pretrial statement lists Carr as a possible liability witness, Gold and Tinkham did not file their motion to disqualify counsel until shortly before the date upon which the trial of this action is scheduled. At this late date, any decision to remove Western Pennsylvania defendants' counsel must be based upon what actually occurs at trial and will require a court to consider the substantial hardship that removal would present to Western Pennsylvania defendants (see Disciplinary Rule 5-101(B)(4)). Moreover, the burden is upon Gold and Tinkham to establish that Carr ought to be called by Western Pennsylvania defendants and that his testimony will cover contested matters and the pleadings (the only items which have been filed in this case) do not permit this court to determine whose version of the facts is correct.

For these reasons, the motion of Gold and Tinkham to disqualify counsel is refused without prej-

4. Defendants whom Geeseman and his law firm do not represent list Carr as a liability witness in their pre-trial statement. Disciplinary Rule 102(B) permits an attorney called as a witness other than on behalf of his client to continue representation unless the attorney's testimony may be prejudicial to his client. Thus, the possibility that Carr may be called by these defendants does not permit the court at this time to disqualify Geeseman.

udice to raise their disqualification claim at trial in the event that Richard Carr is called as a witness.

## ORDER

And now, November 14, 1977, it is hereby ordered that:

1. Defendants' motion to disqualify counsel for additional defendant, David J. Tinkham, for a conflict of interest is denied; and

2. The motion of Gold and Tinkham to disqualify counsel for defendants, Western Pennsylvania Ltd., Western Pennsylvania Company, Eugene F. P. Kelly, Howard Christner and Theodore A. McWilliams, is refused without prejudice to raise their disqualification claim at trial in the event that Richard Carr is called as a witness.