## Bohinski v. Trademark Inc.

*Frank M. Gianola,* for defendant Michael Wayne Bohinski.

*Nick A. Fisk Jr.* and *Scott L. Melton,* for plaintiff Janice Bauder.

*Henry H. Wallace,* for plaintiff Michael R. Kossey.

*Edward J. Osterman,* for defendant Trademark Inc.

*Raymond J. Conlon,* for defendant TGI Friday's Inc.

*J. Gregory Gianuzzi,* for defendant Sundown Inc.

*James F. Manley,* for additional defendants.

WETTICK, *J.*, January 13, 1993—Petitions requesting this court to enter an order relieving Aetna Life & Casualty Co. of any duty to provide a defense to any additional defendants upon the payment of the policy limits of its insurance policy into court are the subject of this opinion and order of court.

This consolidated action arises out of a one-car accident. One occupant died as a result of the accident. Two other occupants were very seriously injured.

In the case at GD89-13707, the mother of the occupant who died, as administratrix of the occupant's estate and in her own right, has sued three bars and their owners for violating the provisions of the liquor laws prohibiting the sale of liquor to persons who are visibly intoxicated and prohibiting sales to minors. Her complaint alleges that she was the owner of the vehicle involved in the accident and that it was driven by her son at the time of the accident. In the cases at GD89-11931 and GD89-11932, the two other occupants of the car have sued the same defendants for violating the same provisions of the liquor laws. Their complaints also aver that the automobile was driven by the occupant who died in the accident.

In each lawsuit, the original defendants have denied the allegation that the automobile was driven by the deceased occupant on the ground that they lack sufficient information to admit or deny this allegation. Also, in each lawsuit they have joined the two other occupants as additional defendants on the ground that one or the other of the occupants whom they have joined is solely or jointly liable as the driver of the automobile. For example, the plaintiff in the case at GD89-11932 is one

of the surviving occupants. His complaint alleges that he was a passenger in the vehicle. The original defendants' answers aver that this occupant may have been the driver of the automobile and on the basis of this averment they raise the defenses of assumption of the risk and comparative negligence. In this case at GD89-11932, the original defendants have also filed complaints joining the estate of the deceased occupant as an additional defendant on the ground that he may have been the driver and, if so, is liable to plaintiff for his negligent operation of the vehicle and joining the other occupant on the ground that he may have been the driver and, if so, is liable to the plaintiff for his negligent operation of the vehicle.

In each case, attorney James F. Manley has entered his appearance on behalf of each of the three additional defendants. In each case, the allegations in the pleadings which he has filed on behalf of the additional defendants are consistent with the allegations in the complaints which they have filed as plaintiffs concerning the identity of the driver—that the vehicle was operated by the deceased occupant.

The original defendants' claims against the two occupants who survived the accident are based solely on their activities as the alleged driver of the vehicle at the time of accident. While Mr. Manley, on their behalf, contends that there is no dispute as to who was driving the vehicle at the time of the accident, the motion for summary judgment which he filed on behalf of the surviving occupants based on the absence of any dispute concerning the operator of the automobile was denied by another judge of this court.* Consequently, the claims against the

---

* Apparently, the two surviving occupants have no memory of the accident or the events occurring shortly before the accident.

occupants as additional defendants are not likely to be resolved prior to trial.

The only automobile insurance policy covering this accident is a policy issued by Aetna on the vehicle owned by the mother of the deceased occupant. This policy apparently covers whichever occupant was driving the vehicle at the time of the accident. The policy limits are $100,000.

Mr. Manley has filed the petitions, for leave to pay the policy limits of $100,000 into court, that are the subject of this opinion. The petitions aver that they are filed on behalf of the additional defendants. The petitions also aver that under the provisions of the policy, Aetna is relieved of its duty to provide a defense to any party once the limits of its coverage have been exhausted. The proposed court orders provide that once Aetna pays its policy limits into court it is relieved of its responsibility to defend any of the additional defendants in these proceedings.

The original defendants who allegedly provided the alcohol to plaintiffs oppose the petitions on the ground that the requirement of good faith prevents an insurance company from tendering the amount of its policy limits into court in order to avoid its duty to defend. See, e.g., *Maguire v. Ohio Casualty Insurance Co.,* 412 Pa. Super. 59, 602 A.2d 893 (1992).

I

The memorandum of law that Mr. Manley has filed in support of the petitions purportedly on behalf of each of the three additional defendants questions the standing

of the original defendants to oppose the petitions. The only interest in the outcome of the petitions that the original defendants describe is that a jury may be more inclined to give serious consideration to the claims against the additional defendants if they are represented by counsel. While this interest is insufficient to confer standing on the original defendants, any party may bring to this court's attention a potential conflict of interest on the basis of the Pennsylvania case law which holds that conflict of interest questions may be raised by the court sua sponte. *Seifert v. Dumatic Industries Inc.,* 413 Pa. 395, 399, 197 A.2d 454, 456, n.5 (1964); *Maritrans v. Pepper, Hamilton & Scheetz,* 529 Pa. 241, 254-55, 602 A.2d 1277, 1284 (1992); *American Dredging Co. v. City of Philadelphia,* 480 Pa. 177, 183, 389 A.2d 568, 571 (1978); *Slater v. Rimar Inc., 462 Pa. 138, 148-507, 338 A.2d 584, 589-90 (1975); Jedwabny v. Philadelphia Transportation Co.,* 390 Pa. 231, 135 A.2d 252 (1957); *Allen v. Duignan,* 191 Pa. Super. 608, 159 A.2d 21 (1960).

## II

Because the liability of the driver in a one-car accident is seldom difficult to establish and because the damages of each plaintiff are clearly in excess of $100,000, it is very possible that the disadvantages of a court order relieving Aetna from any responsibility to provide a defense to these additional defendants substantially outweigh the benefits of the immediate payment of the policy limits. The petitions for leave to pay the insurance proceeds into court are not verified by the additional defendants and the petitions contain no allegations explaining how the relief sought will operate to the benefit of the additional

defendants. Furthermore, the memorandum of law filed by Mr. Manley in support of the petitions to pay the insurance proceeds into court raises only one argument: Under the policy, Aetna is entitled to be excused from providing a defense to any of the additional defendants if it offers to pay the policy limits.

There is a conflict of interest between the interests of Aetna and the additional defendants as to Aetna's duty to provide a defense. The additional defendants who claim that they were not operating the vehicle require counsel to present this defense in order that a judgment is not entered against them. Aetna, on the other hand, does not want to incur any additional expenses.

Once counsel agrees to represent the additional defendants, he has an absolute duty to protect their interests over the interests of the insurance company that is apparently paying for his services. *O'Brien v. Tuttle,* 130 Pitts. Leg.J. 23 (1981). Counsel's sole obligation with respect to any petitions by Aetna seeking to pay the proceeds into court in order to be relieved of its duty to provide a defense is to evaluate the petitions in terms of the additional defendants' interests and to raise any procedural and substantive arguments that promote these clients' interests. It is not possible for a lawyer to perform this obligation to his clients if he has assumed responsibility for presenting petitions that may benefit Aetna at the expense of the additional defendants and if he advances an argument in support of the petitions that discusses only Aetna's legal right to be relieved of its duty to provide a defense. Consequently, I am denying each of the petitions for leave to pay the proceeds into court on the ground that counsel presenting the petitions

has an irreconcilable conflict of interest. *Jedwabny v. Philadelphia Transportation Co., supra* (new trial granted because of counsel's irreconcilable conflict where same counsel represented two passengers and the driver as plaintiffs in their personal injury claims against another driver as well as the plaintiff-driver in his capacity as an additional defendant).

## ORDER OF COURT

On this January 13, 1993, it is hereby ordered that the petitions for leave to pay the insurance proceeds into court are denied.